## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RUSSELL CARRINGTON,

    Plaintiff,

    v.

BALTIMORE CITY DOC,
JALESSA DORSEY,
WENDELL FRANCE, and
DEPARTMENT OF PUBLIC SAFETY AND
   CORRECTIONAL SERVICES,

    Defendants.

Civil Action No.:  ELH-19-3587

### MEMORANDUM

Russell Carrington, a self-represented federal prisoner confined at the United States Penitentiary-Canaan in Pennsylvania, filed suit under 42 U.S.C. § 1983 against "Baltimore City Department of Corrections"; the Maryland Department of Public Safety and Correctional Services ("DPSCS"); Jalessa Dorsey; and Wendell France. ECF 1.  An exhibit is appended to the suit.

DPSCS, the Maryland Division of Correction ("DOC"),[1] and the Baltimore City Detention Center ("BCDC") (collectively, "Institutional Defendants") have moved to dismiss, or, in the alternative for summary judgment.  ECF 8.  The motion is supported by a memorandum of law. ECF 8-1 (collectively, the "Motion").  Plaintiff was granted an extension of time, until November 9, 2020, in which to file an opposition to the Motion.  ECF 11.  But, he has not responded. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, I shall grant the Motion.

---

[1] Defendants assert:  "There is no 'Baltimore City Department of Corrections.'"  ECF 8-1 at 1 n.1.

# I.     Factual Background

A.  Plaintiff's Complaint

Plaintiff filed suit on December 18, 2019.  ECF 1.  He alleges that between January 2012 and February 2013, while he was a federal pretrial detainee at the BCDC, his constitutional rights were violated when defendant Dorsey, a former BCDC Correctional Officer, sexually assaulted him in his cell. ECF 1 at 3-4. Plaintiff states that in March 2012, Dorsey entered plaintiff's cell and initiated a conversation, instructing plaintiff to "let her see what he was working, saying that if his penis is big and good looking like his physique, she wanted some." *Id.* at 4.  Dorsey allegedly approached plaintiff, "got on her knees," and performed oral sex on plaintiff. *Id.*  According to plaintiff, Dorsey then stood up, directed plaintiff to "shut the fuck up," and instructed plaintiff to have sex with her. *Id.*  Plaintiff claims that he was sexually assaulted by Dorsey throughout the stated time period, *id.*, for which he seeks compensatory damages. *Id.* at 7.

Plaintiff appended to his suit a portion of the trial transcript in the case of *United States v. Carrington, et al.*, ELH-13-0151.  This was a multi-defendant racketeering case.  *See* ECF 1-2.  In particular, forty-four defendnats were charged in the case, and Carrington is one of eight defendants who went to trial.  Although Judge J. Frederick Motz presided at trial, I presided over numerous related proceedings.[2]  On December 16, 2014,  during the lengthy trial, Ms. Dorsey testified as a government witness and admitted that twice she had sex with Mr. Carrington while he was detained at BCDC.  *Id.* at 4.  However, there is no indication in the excerpt provided by plaintiff that the sex was non-consensual.

---

[2] Under Rule 201 of the Federal Rules of Evidence The Court may take judicial notice of matters of public record, such as the court proceedings.  *See, e.g.*, *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011).

B.  Institutional Defendants' Motion

The Institutional Defendants contend that they are immune from suit in federal court under the Eleventh Amendment. They also maintain that plaintiff filed his Complaint after the expiration of the statute of limitations. ECF 15-1 at 4-8.

## II.  Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'…" (citation omitted)); *see also Paradise Wire & Cable*, 918 F.3d at 317; *Willner v.*

*Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). Of course, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam).

But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted). In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Notably, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to

accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

With respect to a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards*, 178 F.3d at 243). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst*, 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not

expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, ___ U.S. ___, 135 S. Ct. 2218 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).[3]

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __ U.S. __, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one

---

[3] "[B]efore treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167. "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id*. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

"that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because Carrington is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013). But, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### III.    Discussion

A.  Section 1983

Plaintiff names as defendants the "Baltimore City Department of Corrections" and DPSCS. Defense counsel interprets the suit to have named the Baltimore City Detention Center, the DOC, and the DPSCS. ECF 8-1 at 1. However, plaintiff makes no allegations against any of these institutions or agencies.

Moreover, § 1983 of 42 U.S.C. states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be

subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  (emphasis supplied).

A number of courts have held that inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law and are not subject to suit under § 1983.  *See, e.g.*, *Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and BCDC is not a person within the meaning of the statute.

Accordingly, suit shall be dismissed as to BCDC because it is a building, not a "person" within the meaning of § 1983.

B. The Eleventh Amendment

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." The Eleventh Amendment did not create sovereign immunity. Rather, it preserved the sovereign immunity that the states enjoyed prior to the formation of the Union. *See Alden v. Maine*, 527 U.S. 706, 724 (1999); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011).

8

The preeminent purpose of state sovereign immunity is "to accord states the dignity that is consistent with their status as sovereign entities[.]" *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002). Thus, states generally enjoy immunity from suit brought in federal court by their own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 3 (1890); *see also Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). In other words, under the Eleventh Amendment, a private individual is barred from bringing a suit against a state in federal court to recover damages, unless the state consents or there is an exception to sovereign immunity. *See Coleman v. Court of Appeals of Md.*, 556 U.S. 30, 35 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (internal quotation marks and citation omitted); *Edelman v. Jordan*, 415 U.S. 651 (1974).

In addition, absent waiver or a valid congressional abrogation of sovereign immunity, sovereign immunity also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state." *See Pennhurst*, 465 U.S. at 101-02 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

DPSCS, and its sub-unit, DOC and BCDC, are arms of the State of Maryland. *See* ECF 15-1 at 6; *see also* Md. Code (2017 Repl. Vol.), §§ 2-101, 3-201 of the Correctional Services Article

9

("C.S."). The BCDC is owned and operated by the State to house mostly pretrial detainees. C.S. § 5-401(b). The DOC is a sub-unit of the DPSCS, which itself is "a principal department of the State government." C.S. § 2-201; *see Clarke v. Maryland Dep't of Pub. Safety and Corr. Servs.*, 316 Fed. App'x 279, 282 (4th. Cir. 2009) (stating that "the Maryland Department of Public Safety and Correctional services is undoubtedly an arm of the state for purposes of §1983").

The Fourth Circuit has noted three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state. In *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012), the Court said, *id*. at 249 (internal quotations omitted):

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) …. Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) …. Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002).

DPSCS has not waived immunity in federal court for claims brought pursuant to § 1983. Nor do the exceptions outlined above apply here. Therefore, plaintiff's Complaint shall be dismissed as to the Institutional Defendants.[4]

C.  Defendants Dorsey and France

Service has not been accepted on behalf of defendants Jalessa Dorsey and Wendell France. In light of plaintiff's status as a self-represented, incarcerated litigant, the Court has an obligation to assist plaintiff in identifying the correct addresses of these defendants so that service of process may be effected. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir.1980); *see also Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 554-55 (7th Cir. 1996).

---

[4] In light of my ruling, I need not address the defense's claim that suit is barred by limitations.

The Assistant Attorney General shall be ordered to provide the last known home or business address of defendants Dorsey and France, solely for purposes of service of process or, in the alternative, to provide a statement regarding why the addresses are not available. Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal by the Clerk.

### IV.  Conclusion

For the foregoing reasons, the Institutional Defendants' Motion will be GRANTED and the Complaint shall be dismissed as to the Institutional Defendants. The Assistant Attorney General shall provide the last known home or business address of defendants Dorsey and France.

A separate Order follows.


December 14, 2020                                              /s/
Date                                               Ellen L. Hollander
                                                   United States District Judge

11